FILED
SUPERIOR COURT
OF GUAM

2022 JAN 13 PM 2: 18

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **RICHARD R. QUICHOCHO,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSEPH S. CARBULLIDO, Acting Director of the Department of Corrections, in his Official Capacity,** *et al.,*<br><br>Defendants. | Civil Case No. CV0429-21<br><br><br>**DECISION AND ORDER DENYING MOTION FOR DEFAULT** |

This matter came before the Honorable Dana A. Gutierrez on December 6, 2021 for a hearing on Defendant Samantha J. Brennan's ("Defendant Brennan") Motion for Default; Renewed Motion to Dismiss ("Motion for Default").[1] Present in person were Plaintiff Richard R. Quichocho ("Plaintiff"), *pro se* and Attorney Joseph B. McDonald representing Defendant Brennan. Upon a review of the record and in consideration of the arguments presented by the parties, the Court now issues this Decision and Order **DENYING** Defendant Brennan's Motion for Default.

## BACKGROUND

This action arises out of Plaintiff's Complaint against several personnel at the Department of Corrections ("DOC") alleging that the named Defendants have violated several of

---

[1] Only the Motion for Default is before the Court at this time, as more fully discussed below.

Plaintiff's constitutional rights by denying needed medical care to Plaintiff and by providing inadequate medical care. *See* Compl., at 18-22 (Sept. 27, 2021). In response to the Complaint and Summons, Defendant Brennan filed a Motion to Dismiss on June 16, 2021. Upon review of the Motion to Dismiss, Plaintiff requested that he be permitted to amend his original Complaint. *See* Motion to Amend Civil Complaint (July 12, 2021).

In accordance with Rule 15(a) of the Guam Rules of Civil Procedure ("GRCP") and relevant case law precedence, the Court found that, because no responsive pleading had been filed or served in the case, Plaintiff had a right, as a matter of law, to amend his complaint. *See* Order Re Mot. to Amend Civil Compl. and Setting Hearing on Mot. for Appointment of Counsel (July 23, 2021) (hereinafter "Order Re Amended Complaint"). In the Order Re Amended Complaint, the Court stated that Plaintiff shall file his First Amended Complaint by August 27, 2021 at 5:00 p.m. and set a hearing on Plaintiff's Motion for Appointment of Counsel for August 11, 2021.

At the August 11, 2021 hearing, Plaintiff appeared in person and Defendant Brennan appeared via Zoom through her counsel, Attorney Joseph McDonald. Prior to the presentation of oral argument on the Motion for Appointment of Counsel, the parties discussed the deadline included in the Order Re Amended Complaint. At the August 11, 2021 hearing, Defendant Brennan, through her counsel, agreed that so long as Plaintiff's First Amended Complaint is postmarked on August 27, 2021, the pleading will be considered timely filed by the Court. Min. Entry, at 10:06:30-10:07:30 (Aug. 11, 2021) (discussed in greater detail below).

The Plaintiff's First Amended Complaint was received and filed by the Court on September 7, 2021. However, the United States Postal Service ("USPS") envelope in which the

First Amended Complaint was mailed to the Court is postmarked August 27, 2021.[2] On September 17, 2021, Defendant Brennan filed the present Motion for Default.

Plaintiff's Response to Motion for Default; Renewed Motion to Dismiss ("Opposition") was received and filed by the Court on October 18, 2021. However the USPS envelope in which the Opposition was mailed to the Court is postmarked for October 12, 2021. Defendant Brennan filed her Reply to Plaintiff's Opposition on October 29, 2021. The Court heard oral argument from the parties on December 6, 2021 and subsequently took the matter under advisement.

## DISCUSSION

### I.     Renewed Motion to Dismiss is Not Before the Court.

As a preliminary matter, Defendant Brennan clarified at the December 6, 2021 hearing that only the Motion for Default is before the Court at this time. Defendant Brennan's Motion for Default states: "Whether or not the Court defaults Quichocho, in the absence of an order permitting the late filing, Brennan renews her motion to dismiss filed on June 16, 2021, citing the arguments and bases for dismissal therein." Mot. for Default, at 4 (Sept. 17, 2021). Therefore, prior to the Court's discussion with the parties, it appeared that both the Motion for Default and the June 16, 2021 Motion to Dismiss were before the Court.

However, at the December 6, 2021 hearing, Defendant Brennan, through her counsel, stated that the motion to dismiss "is not ripe until this [Motion for Default] is decided" because "the underlying motion would go to the first Complaint," so it cannot be addressed until the Court decides if "the first [Complaint] operates or [if the parties] are going to go under the Amended Complaint." Min. Entry, at 2:34:22-2:35:52 PM (Dec. 6, 2021). Based on Defendant

---

[2] The physical file for the above-captioned case, CV0429-21, including the postmarked envelopes, is available for public review at the Clerk of Court's Office and can be requested for review at any time by Defendant Brennan.

Brennan's position and non-opposition from the Plaintiff, the Court agreed that it would rule on the issue of default first and dismissal on the merits may be addressed in the future, depending on whether the First Amended Complaint remains the "operating charging instrument." Min. Entry, at 2:35:00 PM (Dec. 6, 2021).

## II. Motion for Default.

### A. Plaintiff's First Amended Complaint Is Timely If Postmarked by August 27, 2021.

Defendant Brennan moves the Court for an order of default against Plaintiff pursuant to Rule 55 of the GRCP for Plaintiff's alleged "willful and deliberate failure to timely amend." Mot., at 3. Defendant Brennan argues that the Court should not adopt the "prisoner mailbox rule," which, in jurisdictions where the rule has been adopted, allows a court to consider delivery of pleadings to prison officials as the date of filing. Reply, at 2.

In Opposition, Plaintiff asserts that Defendant Brennan's accusations that Plaintiff cannot offer anything to merit a timely filing are frivolous and irrelevant. Opp., at 4. Plaintiff argues that although the Amended Complaint was *filed* on September 7, 2021, Plaintiff can offer proof of mailing at "Hagatna, Guam, with U.S. Postal Service Receipt dated August 27, 2021 at 9:28 a.m." Opp., at 4.

In the case at bar, the Court need not determine whether the delivery of the First Amended Complaint to the prison officials at DOC should constitute the date of filing under the "prisoner mailbox rule" because the Court clearly stated at the August 11, 2021 hearing, with both parties present, that the pleading would be considered timely filed if *postmarked* by August 27, 2021 at 5:00 p.m. At the August 11, 2021 hearing, the following exchange occurred:

> Judge Gutierrez: So your First Amended Complaint is due by August 27,

|  | 2021 at 5:00 p.m. Okay, sir? |
|---|---|
| Plaintiff: | Yes ma'am. |
| Judge Gutierrez: | Okay and I'm just gonna note for the record that Mr. Quichocho is mailing out his response. Is that correct, you'll be mailing it? |
| Plaintiff: | Yes, Your Honor. |
| Judge Gutierrez: | So the Court will note that if it's mailed by that date, the Court will accept that you know date, even, it will take a day or so I know sometimes for it to reach the Court and for it to be processed. But for the record, as long as that Complaint is postmarked by the date of the Court's Order, we'll accept that as, you know, it being timely. Okay Mr. McDonald? Just because I think it's only fair that he can't bring it here himself and we would give— |
| Attorney McDonald: | Of course, Your Honor, of course. |
| Judge Gutierrez: | —all counsel, yeah, that opportunity to file by that date at five. So as long as it is postmarked by that date, the Court will accept it. |

Min. Entry, at 10:06:30-10:07:22 AM (Aug. 11, 2021).

Therefore, not only did the Court, on the record, order that it would accept the First Amended Complaint if postmarked by August 27, 2021, but Defendant Brennan, by and through counsel, affirmatively agreed that such an order is acceptable. Therefore, in accordance with the Court's August 11, 2021 order from the bench, the Plaintiff's First Amended Complaint must be considered timely filed if postmarked by August 27, 2021.

### B. Plaintiff's First Amended Complaint Was In Fact Postmarked by August 27, 2021 and Was Therefore, Timely Filed.

Absent a motion to vacate or amend the Court's Order from the bench at the August 11,

5

2021 hearing, which was agreed to by Defendant Brennan, the only issue remaining for the Court is to determine whether Plaintiff's First Amended Complaint was in fact postmarked by August 27, 2021. The postmark date of the Plaintiff's pleading can be demonstrated through both Plaintiff's exhibits submitted and accepted by the Court at the December 6, 2021 hearing, upon agreement from Defendant Brennan, and by examining the Court's physical file for the above-captioned case, CV0429-21, which contains the envelope in which the First Amended Complaint was mailed to the Court.

First, Plaintiff's Opposition references an Exhibit C which is described in the Opposition as the "U.S. Postal Service Receipt dated August 27, 2021 at 928 a.m." Opp., at 4. At the hearing, Plaintiff explained that this Exhibit C (and other exhibits) were inadvertently not attached to the Opposition; however, Plaintiff presented copies of his Exhibits for the Court's consideration at the December 6, 2021 hearing. Min. Entry, at 2:42:08 PM (Dec. 6, 2021). Defendant Brennan did not object to the Court's acceptance of the Exhibits at the hearing and does not object to the Court's consideration of these Exhibits when reviewing the present Motion. Min. Entry, at 2:44:07 PM (Dec. 6, 2021). Therefore, the Court accepted the Exhibits, including Exhibit C, into the record at the hearing. *See* Submission (Dec. 9, 2021).

Exhibit B submitted by the Plaintiff is DOC's Custody Receipt indicating that on August 26, 2021, DOC routed Plaintiff's: 1) First Amended Complaint; 2) Exhibits A-Q; 3) Summons (08 each); and 4) Letter to Court Clerk to the "mail officer for mailing." Exhibit C submitted by Plaintiff is a receipt from USPS dated August 27, 2021 at 9:28 A.M.

However, even without Plaintiff's Exhibits, the Court's physical file for the above-captioned case, CV0429-21, contains the envelope in which the First Amended Complaint

6

was mailed to the Court which is clearly stamped with a postmark date of August 27, 2021. The physical file has been available for Defendant Brennan's (as well as the public's) review at any time during the operating hours of the Clerk of Court's Office at the Superior Court of Guam. Upon review of the file, the postmark date of August 27, 2021 for the Plaintiff's First Amended Complaint, can be confirmed. Therefore, in accordance with the Court's August 11, 2021 Order from the bench, the Court finds that Plaintiff's First Amended Complaint was timely filed.

## CONCLUSION

Accordingly, upon a review of the record and for the foregoing reasons, the Court hereby **DENIES** Defendant Brennan's Motion for Default. The Court further **ORDERS** that:

1.      Plaintiff's controlling pleading is the First Amended Complaint filed on September 7, 2021; and

2.      Defendant Brennan shall file a responsive pleading and/or any motions regarding the First Amended Complaint **no later than thirty (30) days after service** of this Decision and Order upon her.

SO ORDERED: _____JAN 1 3 2022_____

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam